UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60298-Cr-Scola/Snow

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

SHEHERYAR ALAM QAZI,
    Defendant.
_____/

# DEFENDANT'S MOTION TO COMPEL THE GOVERNMENT TO PROVIDE HIM WITH APPLICATIONS, ORDERS, AND ANY OTHER MATERIALS RELATING TO ELECTRONIC SURVEILLANCE IN THE INSTANT CASE

Pursuant to 50 U.S.C. § 1806(f), Mr. Qazi, through undersigned counsel, files this motion and in support thereof states the following:

1. Mr. Qazi is charged by indictment with one count of conspiracy to provide material support to terrorists and one count of conspiring to use a weapon of mass destruction.

2. 50 U.S.C. § 1806(f) states:

In camera and ex parte review by district court

Whenever a court or other authority is notified pursuant to subsection (c) or (d) of this section, or whenever a motion is made pursuant to subsection (e) of this section, or whenever any motion or request is made by an aggrieved person pursuant to any other statute or rule of the United States or any State before any court or other authority of the United States or any State to discover or obtain applications or orders or other materials relating to electronic surveillance or to discover, obtain, or suppress evidence or information obtained or derived from electronic surveillance under this chapter, the United States district court or, where the motion is made before another authority, the United States district court in the same district as the authority, shall, notwithstanding any other law, if the Attorney General files an affidavit under oath that disclosure or an adversary hearing would harm the national security of the United States, review in camera and ex parte the application, order, and such other

1

materials relating to the surveillance as may be necessary to determine whether the surveillance of the aggrieved person was lawfully authorized and conducted. In making this determination, the court may disclose to the aggrieved person, under appropriate security procedures and protective orders, portions of the application, order, or other materials relating to the surveillance only where such disclosure is necessary to make an accurate determination of the legality of the surveillance.

3. 50 U.S.C. § 1801(k) defines an "aggrieved person" as "a person who is the target of an electronic surveillance or any other person whose communications or activities were subject to electronic surveillance."

4. Mr. Qazi was, on numerous occasions, the target of electronic surveillance in this case. In fact, the government previously filed a Notice of Intent to Use Foreign Intelligence Surveillance Act Information pursuant to 50 U.S.C. § 1806(c), *see* DE 10, thereby tacitly acknowledging the fact that Mr. Qazi is indeed an aggrieved person as defined in 50 U.S.C. § 1801(k).

5. 50 U.S.C. § 1806(f) acknowledges the right of an aggrieved person to "discover or obtain applications or orders or other materials relating to electronic surveillance or to discover, obtain, or suppress evidence or information obtained or derived from electronic surveillance under [50 U.S.C. Chapter 36].

6. Upon receipt of the aggrieved person's motion, the U.S. District Court "shall, notwithstanding any other law, *if the Attorney General files an affidavit under oath that disclosure or an adversary hearing would harm the national security of the United States*, review in camera and ex parte the application, order, and such other materials relating to the surveillance as may be necessary to determine whether the surveillance of the aggrieved person was lawfully authorized and conducted."

2

7. The Attorney General has not, to undersigned counsel's knowledge, filed such an affidavit. Nevertheless, the government is refusing to provide undersigned counsel with the applications, orders, and other materials relating to electronic surveillance that are being requested in this motion.

8. Accordingly, Mr. Qazi, through undersigned counsel, is requesting that this Court compel the government to provide undersigned counsel with applications, orders, and any other materials relating to electronic surveillance as well as evidence or information obtained or derived from electronic surveillance in this case.

9. Undersigned counsel contacted opposing counsel, Assistant U.S. Attorney Karen Gilbert, who stated that the government objects to the Court granting this motion.

Respectfully submitted,

/s/ Ronald S. Chapman
Ronald S. Chapman (Bar No. 898139)
400 Clematis Street, Suite 206
West Palm Beach, FL 33401
Tel (561) 832-4348
Fax (561) 832-4346
Email: ronchapman@bellsouth.net
Attorney for defendant Sheheryar Qazi

**Certificate of Service**

Undersigned counsel certifies that on April 7, 2013 this motion was electronically filed with the Clerk of Court using CM/ECF, and it was electronically transmitted to all counsel of record.

/s/ Ronald S. Chapman
Ronald S. Chapman