UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   12-60298-SCOLA /O'SULLIVAN

UNITED STATES OF AMERICA

vs.

RAEES ALAM QAZI
 and
SHEHERYAR ALAM QAZI,

        **Defendants.**
_____/

## GOVERNMENT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO FOREIGN INTELLIGENCE SURVEILLANCE ACT MOTIONS

The United States of America, by and through the United States Attorney for the Southern District of Florida, moves the Court for an extension of time to respond to defendant's motions which seek to compel production of applications, orders, and other materials obtained or derived pursuant to the Foreign Intelligence Surveillance Act, as amended, 50 U.S.C. §§ 1801 et seq., (FISA).  Counsel for the defendant has been consulted and has no objection to the requested extension of time.

BACKGROUND

On November 30, 2012, a grand jury in the Southern District of Florida returned an Indictment charging the defendants with conspiracy to provide material support and resources,

1

knowing and intending that they be used in preparation for, and in carrying out, a conspiracy to use a weapon of mass destruction, in violation of Title 18, United States Code, Section 2339A; and, a conspiracy to use a weapon of mass destruction, in violation of Title 18, United States Code, Section 2332a.

On December 6, 2012, the Government filed its Notice of Intent to Use FISA Information as to both defendants in this case (DE 9 and 10).

On April 7, 2013, defendant Sheharyar Qazi filed a Motion to Compel the Government to Provide Applications, Orders, and any Other Material Relating to Electronic Surveillance (DE 45).  In that Motion, defendant cites to Title 50, United States Code, Section 1806(f) explaining the procedure for the court's *in camera, ex parte* review of FISA materials.

Also on April 7, 2013, defendant Sheharyar Qazi filed a Motion to Compel the Government to Provide Applications, Orders, and any Other Material Relating to a Physical Search (DE 46).  In that Motion, defendant cites to Title 50, United States Code, Section 1825(g) explaining the procedure for the court's *in camera, ex parte* review of FISA materials.

On April 10, 2013, the trial court held a status hearing.  At that time, a second status hearing was scheduled for July 11, 2013.  A trial date is not currently set in this matter.

ARGUMENT

The defendant's motions for the disclosure and production of FISA materials, information, or evidence have triggered the review procedures under Sections 1806(f) (electronic surveillance) and 1825(g) (physical search) of FISA, which require an *in camera* and *ex parte* review by the Court.  Section 1806(f) provides in pertinent part:

> ... whenever a motion is made pursuant to subsection [Section 1806](e), or whenever any motion or request is made by an aggrieved person pursuant to any other statute or rule of the United States . . . to discover or obtain applications or orders or other materials relating to electronic surveillance or to discover, obtain, or suppress evidence or information obtained or derived from electronic surveillance under this chapter...the United States district court . . . **shall** . . . if the Attorney General files an affidavit under oath that disclosure or an adversary hearing would harm the national security of the United States, **review in camera and ex parte** the application, order and such other materials relating to the surveillance as may be necessary to determine whether the surveillance of the aggrieved person was lawfully authorized and conducted [emphasis added].[1]

The Government's submission for *in camera* and *ex parte* review by this Court will include a number of classified and unclassified documents. As explained below, some of these documents rely upon the preparation and consideration of other documents that have yet to be created. As a result of the sequential creation of documents necessary for the Court's review, the Government requires additional time to prepare and submit its submission.

The Government's submission for the Court's review will include at a minimum: (1) the Government's Classified Response to the defendant's motions; (2) a Declaration and Claim of Privilege of the Attorney General of the United States (reflecting the Attorney General's assessment that disclosure of, or an adversary hearing with regard to, the classified FISA materials would harm the national security of the United States); (3) a classified declaration of a high-ranking Federal Bureau of Investigation (FBI) official (advising the Attorney General of the sensitivity of the classified information, sources, and methods contained in the FISA application(s) and orders at issue); (4) a classified declaration of an FBI Supervisory Special Agent or Special Agent detailing the FBI's compliance with the minimization procedures approved by the Attorney General and adopted by the Foreign Intelligence Surveillance Court

---

[1] Section 1825(g) is virtually identical to Section 1806(f) and sets forth the *ex parte* and *in camera* review procedures pertaining to physical searches under FISA authorities.

3

(FISC), which were used in this investigation; (4) the Government's Unclassified Response to the defendant's motions; and (5) certified copies of the classified applications, orders, motions, and any related documents filed with the FISC.  All of the above-identified documents are necessary for the Court to determine whether the electronic surveillance, physical search, or both were lawfully authorized and lawfully conducted.

In addition to the logistics of obtaining the supporting documentation necessary for the Court's *ex parte* and *in camera* review, required under Section 1806(f) or Section 1825(g), certain documents in the Government's submission cannot be prepared contemporaneously, but must be prepared in sequential order.  For example, the Attorney General cannot assess whether the disclosure of, or an adversary hearing with regard to, the classified FISA material would harm the national security until he has been advised by a high-ranking FBI official regarding the classified information, sources, or methods that would be compromised by disclosure or an adversary hearing.  As noted above, that advice is provided to the Attorney General by means of the classified declaration of a high-ranking FBI official, which discusses in great detail the classified information, sources, and methods that are contained in the application(s), orders, and related materials and the ensuing harm to national security caused by disclosure or an adversary hearing.  Such a detailed and sensitive document requires careful drafting and review by the FBI, and then further consideration by the FBI declarant.  Once submitted to the Attorney General, that declaration must again be accorded careful and deliberate review so that the Attorney General can appropriately assess the FBI's advice regarding the harm to the national security posed by disclosure or an adversary hearing.

In addition, the Government's Classified Response discusses, among other things, the classified information provided to the FISC in support of the Government's application for an order or warrant pursuant to FISA and the classified declaration of a Supervisory Special Agent or Special Agent of the FBI regarding the minimization procedures applied to the acquisition, retention, and dissemination of the FISA-acquired information.  The Government's Classified Response cannot be finalized until the minimization declaration has been drafted, reviewed, and signed by the FBI declarant because the Government's Classified Response references specific sections of the final minimization declaration.

In addition, as part of its submission to the Court, the Government will also prepare an unclassified version of its Classified Response, from which all classified information will be redacted.  The Government's Unclassified Response cannot be drafted, reviewed, and finalized until the Government's Classified Response is completed.

Finally, in order to prepare the documents discussed above, the Government must coordinate its submission with various Government entities, including the Office of the Attorney General; the Office of Intelligence, National Security Division (NSD), Department of Justice (DOJ); the Counterterrorism Section, NSD, DOJ; the FBI's Office of the General Counsel; the FBI Counterterrorism Division; and, the FBI field office or offices that conducted the FISA-authorized electronic surveillance, physical search, or both.

Therefore, the Government requests sixty days to respond to the defendant's FISA-related motions.  Such an extension of time should allow the Government sufficient time to prepare, review, and coordinate the interdependent and mutually supporting documents and file

its submission with the Court and to comprehensively brief the Court on the facts and the law related to FISA and FISA-obtained or –derived evidence or information.

## CONCLUSION

WHEREFORE, the United States respectfully requests that the Court grant this motion extending the Government's time to respond to defendant's motions which seek to compel applications, orders, or other materials and information obtained or derived pursuant to the Foreign Intelligence Surveillance Act to 60 days from the date of an Order granting relief.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:  /s/ *Karen E. Gilbert*
Karen E. Gilbert
Fla. Bar No. 771007
Assistant United States Attorney
99 N.E. 4th Street, Suite 800
Miami, Florida 33132-2111
Telephone Number (305) 961-9161
Fax Number (305) 536-4675

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading was filed on April 15, 2013, via the Court's Cm/ECF filing system.

/s/  *Karen E. Gilbert*
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   12-60298-SCOLA /O'SULLIVAN

UNITED STATES OF AMERICA

vs.

RAEES ALAM QAZI
 and
SHEHERYAR ALAM QAZI,

   **Defendants.**
_____/

**ORDER**

  WHEREAS the Government has moved for an order extending the time to respond to Defendant's Foreign Intelligence Surveillance Act (FISA) motions filed in this matter, and the Defendant has agreed to this extension of time to respond; and good cause being shown;

  THEREFORE, IT IS HEREBY ORDERED that the Government shall respond to Defendant's FISA motions (DE 45 and 46), which seek to discover or obtain applications or orders or other  materials, or which seek to discover and obtain evidence or information obtained or derived pursuant to FISA,  is extended to June_____, 2013;

DATED:              _____
                     JOHN J. O'SULLIVAN
                     United States Magistrate Judge