UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 12-60298-CR-SCOLA**

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

SHEHERYAR ALAM QAZI,
    Defendant.
_____/

# DEFENDANT'S AMENDED[1] MOTION TO COMPEL THE GOVERNMENT TO PROVIDE HIM WITH ADVANCE NOTICE OF ITS INTENT TO USE OR DISCLOSE INFORMATION OBTAINED OR DERIVED PURSUANT TO THE FISA AMENDMENTS ACT (FAA), 50 U.S.C. § 1881a

Pursuant to 50 U.S.C. §§ 1806(c), 1806(e), and 1881e(a), Mr. Qazi, through undersigned counsel, files this amended motion and in support thereof states the following:

1. Mr. Qazi is charged by indictment with one count of conspiracy to provide material support to terrorists and one count of conspiring to use a weapon of mass destruction.

2. This motion seeks notice from the government as to whether it intends to use evidence obtained under or derived from surveillance authorized by the FISA Amendments Act of 2008 (hereinafter "FAA"). At present, it is impossible for Mr. Qazi to know whether communications related to the instant prosecution were intercepted pursuant to the FAA—despite recent testimony on the floor of the United States Senate suggesting it is very likely.[2] By statute, and as a matter of due process, Mr. Qazi is entitled to notice of the government's intent to use FAA

---

[1] The instant motion amends and supersedes DE 66.

[2] *See* testimony of Senator Diane Feinstein (D-CA) in support of the FISA Amendments Reauthorization Act of 2012, 145 Cong. Rec. S8393 (daily ed. Dec. 27, 2012).

1

evidence against him in the present case. *See* 50 U.S.C. §§ 1881e(a), 1806(c); *Clapper v. Amnesty International USA*, 133 S. Ct. 1138, 1142 (2013).

3. The FISA Amendments Act of 2008, as codified at 50 U.S.C. § 1881a, expanded the types of electronic surveillance traditionally permitted under the Foreign Surveillance Intelligence Act of 1978 (hereinafter "FISA"). The FAA permits the Attorney General of the United States and the Director of National Intelligence to obtain foreign intelligence information by jointly authorizing the programmatic surveillance of persons who are not United States persons and who are reasonably believed to be located outside the United States. Before authorizing such surveillance, the Attorney General and the Director of National Intelligence must typically obtain the approval of the Foreign Intelligence Surveillance Court. Unlike FISA, however, the FAA does not require the government to target a specific individual when seeking to intercept electronic communications.

4. In *Clapper v. Amnesty International USA*, 133 S. Ct. 1138, 1142 (2013), attorneys and various human rights organizations, labor organizations, legal organizations, and media organizations brought an action in which they sought a declaration finding 50 U.S.C. § 1881a to be unconstitutional as well as an injunction against surveillance authorized by that statute. Petitioners argued that respondents Amnesty International et al. lacked Article III standing. *Clapper*, 133 S. Ct. at 1142. In response, respondents maintained that, among other reasons, the Court should find that they did, in fact, have standing because otherwise the constitutionality of § 1881a could not be challenged. *Clapper*, 133 S. Ct. at 1154. It would be wrong, respondents argued, to "insulate the government's surveillance activities from meaningful judicial review." *Id*.

Although the Supreme Court ultimately held that respondents did not have standing, the Court rejected the notion that its holding insulated § 1881a from judicial review in part because "if the Government intends to use or disclose information obtained or derived from a § 1881a acquisition in judicial or administrative proceedings, it *must* provide advance notice of its intent, and the affected person may challenge the lawfulness of the acquisition. §§ 1806(c),1806(e), 1881e(a) (2006 ed. and Supp. V)" (emphasis added). *Clapper*, 133 S. Ct. at 1154. In doing so, both the Court and the government indicated that the proper avenue for judicial review of the government's warrantless wiretapping program is a criminal or administrative proceeding where FAA material is at issue. *Id.;* Br. for Petitioner at 8, *Clapper*, 133 S. Ct. 1138.

5. On December 27, 2012, Senator Diane Feinstein urged the U.S. Senate to reauthorize the FAA which was set to expire at the end of 2012. In connection with her testimony in support of the FAA and the government's program of warrantless surveillance, Senator Feinstein specifically identified Mr. Sheheryar Qazi and his brother, Raees Qazi, when she stated:

> There is a view by some that this country no longer needs to fear attack. I don't share that view, and I have asked the intelligence committee staff to compile arrests that have been made in the last 4 years in America on terrorist plots that have been stopped. There are 100 arrests that have been made between 2009 and 2012. There have been 16 individuals arrested just this year alone. Let me quickly review some of these plots. Some of these may arrests come about as a result of this program. Again, if Members want to see the specific cases where *FISA Amendments Act authorities* were used, they can go and look at the classified background of these cases.
>
> *First, in November, 1 month ago, two arrests for conspiracy to provide material support to terrorists and use a weapon of mass destruction. That was Raees Alam Qazi and Sheheryar Alam Qazi. They were arrested by the FBI in Fort Lauderdale, FL.* The next case is another conspiracy to provide material support. Arrested were Ralph Deleon, Miguel Alejandro Santana Vidriales and Arifeen David Gojali. These three men were

3

> planning to travel to Afghanistan to attend terrorist training and commit violent jihad; third, was a plot to bomb the New York Federal Reserve Bank; fourth, a plot to bomb a downtown Chicago bar; fifth, a conspiracy to provide material support to the Islamic Jihad Union; sixth, a plot to carry out a suicide bomb attack against the U.S. Capitol in February of 2012; seventh, a plot to bomb locations in Tampa, FL; eighth, a plot to bomb New York City targets and troops returning from combat overseas; ninth, a plot to assassinate the Saudi Ambassador to the United States; and it goes on and on and on.
>
> *So I believe the FISA Amendments Act is important and these cases show the program has worked.* As the years go on, I believe good intelligence is the most important way to prevent these attacks.
>
> *Information gained through programs such as this one—and through other sources as well—is able to be used to prevent future attacks. So, in the past 4 years, there have been 100 arrests to prevent something from happening in the United States, some of these plots have been thwarted because of this program. I think it is a vital program. We are doing our level best to conduct good oversight and keep abreast of the details of the program and to see that these reports come in. I have tried to satisfy Senator WYDEN but apparently have been unable to do so. I am hopeful the Senate Intelligence Committee's 13-to-2 vote to reauthorize this important legislation will be considered by all Members.*

Page S8393 of the Congressional Record dated December 27, 2012. (Emphasis added.)

6. Based upon Senator Feinstein's statements, it appears that at least some of the information that was obtained about Mr. Sheheryar Qazi in the present case was acquired pursuant to or derived from surveillance under the FISA Amendments Act of 2008 (which encompasses 50 U.S.C. § 1881a). Accordingly, the government is required by *Clapper* to provide Mr. Qazi with advance notice of its intent to use or disclose information obtained or derived from its § 1881a acquisition in the present case.

7. Nevertheless, the government has failed to do so. In its Notice of Intent to Use Foreign Intelligence Surveillance Act Information (DE 10), the government cited to 50 U.S.C.

4

§§ 1806(c) and 1825(d), but its notice makes no mention of 50 U.S.C. § 1881a.

8. Therefore, Mr. Qazi, through undersigned counsel, is requesting that this Court compel the government to provide undersigned counsel with advance notice of its intent to use or disclose information obtained *or derived* from any § 1881a acquisition in the present case.

9. Undersigned counsel contacted opposing counsel, Assistant U.S. Attorney Karen Gilbert, who stated that the government objects to the Court granting this motion because the government has previously provided the proper notice.

10. Based upon the above-stated arguments, Mr. Qazi maintains that the government has *not* provided the proper notice and therefore requests that the Court grant this motion.

Respectfully submitted,

/s/ Ronald S. Chapman
Ronald S. Chapman (Bar No. 898139)
400 Clematis Street, Suite 206
West Palm Beach, FL 33401
Tel (561) 832-4348
Fax (561) 832-4346
Email:  ronchapman@bellsouth.net
Attorney for defendant Sheheryar Qazi

**Certificate of Service**

Undersigned counsel certifies that on April 22, 2013 this amended motion was electronically filed with the Clerk of Court using CM/ECF, and it was electronically transmitted to all counsel of record.

/s/ Ronald S. Chapman
Ronald S. Chapman