UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-cr-60298-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SHEHERYAR ALAM QAZI,

    Defendant.
_____/

**ORDER ON MOTION FOR COMPASSIONATE
RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A)(i)**

**THIS CAUSE** is before the Court upon Defendant Sheheryar Alam Qazi's Motion for Compassionate Release, ECF No. [334]. The Government filed a Response, ECF No. [335], including exhibits under seal, ECF No. [337-2]. Qazi filed a Reply with supporting exhibits. The Court has carefully reviewed the Motion, all supporting and opposing submissions, the record in this case, the applicable law, and is otherwise duly advised. For the following reason, the Motion is denied.

    **I.**    **BACKGROUND**

On November 30, 2012, a grand jury indicted Qazi for conspiring to provide material support to terrorists, in violation of 18 U.S.C. § 2339A(a) (Count 1); and conspiring to use a weapon of mass destruction, in violation of 18 U.S.C. § 2332a(a) (Count 2). ECF No. [6]. On January 15, 2015, a Superseding Indictment charged Qazi with: (a) conspiring to use weapon of mass destruction, in violation of 18 U.S.C. § 2332a(a) (Count 1); (b) conspiring to provide material support to terrorists, in violation of 18 U.S.C. § 2339A(a) (Count 2); (c) providing material support to terrorists, in violation of 18 U.S.C. § 2339A(a) (Count 3); (d) conspiring to provide material

support to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B(a)(1) (Count 4); (e) attempting to provide material support to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B(a)(1) (Count 5); (f) conspiring to forcibly assault a federal employee, in violation of 18 U.S.C. § 371 (Count 6); (g) forcibly assaulting a federal employee, in violation of 18 U.S.C. § 111(a)(1) (Count 8); and (h) attempting to murder a federal employee, in violation of 18 U.S.C. § 1114(3) (Count 10). ECF No. [267]. On March 12, 2015, Qazi pleaded guilty to Counts 2 and 6 of the Superseding Indictment. ECF No. [282]. On June 11, 2015, the Court sentenced Qazi to 240 months total term of imprisonment, consisting of 180 months as to Count 2 and a consecutive 60 months as to Count 6, followed by five years of supervised release. ECF No. [302].

On September 5, 2023, Qazi filed the instant Motion. Qazi seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) on the grounds that his deteriorating mental and physical health—due to his purported solitary confinement for eleven years—presents an extraordinary and compelling reason that warrants a reduction in Qazi's sentence to time served. ECF No. [334] at 1-2.

The Government opposes the Motion on the grounds that Qazi has failed to exhaust administrated remedies, he does not meet the requirements for the modification of his term of imprisonment under the applicable Sentencing Commission's policy statements, and the 28 U.S.C. § 3553 factors strongly weigh against his release. ECF No. [335]. In support, the Government attaches a request for compassionate release by Qazi to the warden of the prison in which he is incarcerated, dated July 20, 2023. ECF No. [337-2] at 2. The Government also attaches the warden's response in which the warden denied Qazi's request on the grounds that Qazi does not meet the criteria for extraordinary or compelling circumstances. *Id.* at 2. The warden advised Qazi that he may commence an appeal of the warden's decision via the administrative remedy process.

*Id.*

Qazi replies in part that he has exhausted his administrative remedies because he filed the Motion after more than 30 days elapsed from his request to the warden for compassionate release. ECF No. [340] at 2. Qazi also maintains that the Section 3553(a) factors weigh in favor of his release.

## II.   LEGAL STANDARD

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Pubien*, No. 19-12078, 2020 WL 897402, at *2 (11th Cir. Feb. 25, 2020) (quoting 18 U.S.C. § 3582(c)).

> "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." [*United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010)]. Section 3582(c) of Title 18 provides that the district court may not modify a defendant's imprisonment sentence except: (1) if the Bureau of Prisons files a motion and extraordinary or compelling circumstances warrant modification or if the defendant is at least 70 years old and has served 30 years in prison; (2) if the modification is expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the defendant's original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c).

*United States v. Shaw*, 711 F. App'x 552, 554-55 (11th Cir. 2017); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009); *United States v. Diaz-Clark*, 292 F.3d 1310, 1316-18 (11th Cir. 2002). Thus, "[t]he law is clear that the district court has no inherent authority to modify a sentence; it may do so only when authorized by a statute or rule." *United States v. Rivas*, No. 19-11691, 2020 WL 398708, at *4 (11th Cir. Jan. 23, 2020) (quoting *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)); *see also United States v. Llewlyn*, 879 F.3d 1291, 1296-97 (11th Cir. 2018) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

Here, Qazi seeks relief under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), which provides:

> (c) Modification of an imposed term of imprisonment.— The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction. . . .

18 U.S.C. § 3582(c)(1)(A)(i).

Under the relevant Sentencing Guidelines policy statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018). The Sentencing Guidelines add that the Court should reduce a sentence only if the "defendant is not a danger to the safety of any other person or to the community." *Id.*

> Accordingly,
>
> Section 3582 sets out the order in which this Court should analyze a criminal defendant's entitlement to a sentencing reduction. *First*, when the defendant brings the motion himself, the Court must ascertain whether he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [whether there has been a] lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(a). *Second*, the Court should "consider[ ] the factors set forth in section 3553(a) to the extent that they are applicable." *Id. Third*, the Court should turn to the "extraordinary and compelling reasons" test, as outlined in U.S.S.G. § 1B1.13 cmt. n.1. And *fourth*, the Court should determine whether the defendant poses a "danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*

*United States v. Stuyvesant*, No. 09-CR-60184, 2020 WL 1865771, at *2 (S.D. Fla. Apr. 14, 2020).

Thus, to grant Qazi's request pursuant to § 3582(c)(1)(A), the Court must: (1) find that Qazi has

exhausted his administrative remedies with the Bureau of Prisons (BOP); (2) weigh the relevant § 3553(a) factors; (3) conclude that extraordinary and compelling reasons warrant compassionate release in this case; and (4) determine that Qazi is not a danger to the community. Moreover, Qazi bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that, even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

### III. DISCUSSION

#### A. Exhaustion of Administrative Remedies

As an initial matter, the Court agrees with Qazi that he properly exhausted his administrative remedies. As Qazi's letter to the warden demonstrates, the receipt by the warden of Qazi's request for compassionate release was on July 24, 2023. ECF No. [340] at 10. Qazi filed the Motion on September 5, 2023. ECF No. [334] at 1. As such, more than 30 days have elapsed from the receipt of Qazi's request and the filing of the Motion. *See* 18 U.S.C. § 3582(c)(1)(A) (providing that "the court . . . upon motion of the defendant after . . . the lapse of 30 days from the receipt of [a request to bring a motion on the defendant's behalf] by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment"). The Government argues Qazi failed to exhaust administrative remedies because the warden promptly denied his request on July 25, 2023, but Qazi failed to file an administrative appeal. However, the plain language of Section 3582(c)(1)(A) makes clear that "[t]he 30-day waiting time provision is an exception to a plenary exhaustion requirement." *See United States v. Smith*, 482 F. Supp. 3d 1218, 1223 (M.D. Fla. 2020) (quoting *United States v. Vence-Small*, 613 F. Supp. 3d 653, 658 (D. Conn. 2020)) (alteration in original). The Government's cases are not to the contrary. *See United States v.*

*Rodrigues*, 847 F. App'x 609, 611 (11th Cir. 2021) (explaining that "nothing in the record indicat[ed] that Mr. Rodrigues: (1) made a request for compassionate release to the warden prior to filing his motion; (2) waited 30 days after making such a request to the warden; *or* (3) appealed a denial from the warden after making such a request.") (emphasis added); *United States v. Arroyo*, No. 1:18-CR-20378, 2022 WL 464252, at *2 (S.D. Fla. Feb. 15, 2022) ("Defendant did not present the Court with proof that he made such a request to the warden and then either appealed the denied request *or* allowed thirty days to pass before filing the Motion.") (emphasis added). The Court proceeds to consider the relevant § 3553(a) factors.

### B. § 3553(a) Factors

18 U.S.C. § 3553(a) provides in pertinent part:

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; . . .

18 U.S.C. § 3553(a).

Qazi contends the conditions of his incarceration and the deterioration of his health over the past eleven years have made his incarceration more laborious than that served by most inmates, which supports that the time he has served is sufficient, but not greater than necessary, to fulfill the needs of the sentence imposed upon him. ECF No. [334] at 11.

The Government responds that Qazi's offense involves terrorism. ECF No. [335] at 12.

Further, the Government points out that Qazi's BOP disciplinary record demonstrates he has not been able to follow prison rules in the past. *Id.* On that basis, the Government asserts that a reduction in his sentence would not reflect the seriousness of his offenses, promote respect for the law, provide just punishment for his offense, or afford adequate deterrence to criminal conduct. *Id.*

Qazi replies that ADX, the prison in which he is housed, is the BOP's most restrictive facility about which a former warden described as a "clean version of hell." ECF No. [340] at 6 (citing Mark Binelli, *Inside America's Toughest Federal Prison*, N.Y. Times Magazine, Mar. 26, 2015). Qazi thus argues the conditions of his incarceration afford adequate deterrence to criminal conduct and promote respect for the law. *Id.* Qazi further replies by acknowledging he has committed at least one serious infraction while in prison, has accepted responsibility for that infraction, has appealed another infraction, and has been adequately sanctioned for each infraction. *Id.* at 7-8.

The Factual Basis in Support of Plea, ECF No. [284], sets forth the following. An investigation revealed that Qazi's younger brother was going to initiate a terrorist attack and that Qazi financially and emotionally supported him. ECF No. [284] at 2. Qazi likely did not know all the details of the younger brother's attack plans, but Qazi did know that his brother was planning on using a weapon of mass destruction and encouraged his brother to succeed in the attack. *Id.* at 2, 7. Both Qazi and his brother were arrested after an abortive attempt to launch an attack involving a weapon of mass destruction in New York, New York. *Id.* Previously, Qazi knew that his brother was in contact with Al Qa'ida—a designated terrorist organization of which Qazi also knew participated in terrorist activity. *Id.* at 4. Qazi confided to an FBI confidential human source that he sent his brother to go to Afghanistan to support terrorist operations. *See id.* at 4-5. Qazi

acknowledged that his brother had been trying to reach the "guys from Yemen", i.e., al Qai'da or AQAP, another terrorist organization, who instructed the brother not to come to Afghanistan but to "instead . . . do something in the U.S." *Id.* at 5. When the guys from Yemen did not help the brothers to conduct a terrorist attack in the United States, Qazi stated that his brother had to train himself like Faisal Shazad, an individual who attempted to use a weapon of mass destruction on the Comedy Central building in New York, New York, before law enforcement officials apprehended Shazad. *Id.* Qazi later stated in a recording that the United States was an enemy. *Id.* Qazi supported his brother by feeding and housing him, and by providing him with a computer for research on terrorist operations, in order to enable him to support al Qa'ida. *Id.* at 6, 7.

On April 8, 2014, while the brothers were being transported to custody and following their arrest, Qazi and his brother simultaneously punched Deputy United States Marshals in their faces and struggled with them, attempting to use lethal force. *Id.* at 8.

The Court recounts the factual proffer to underscore the gravity of the offenses to which Qazi pleaded guilty. As imposed, Qazi's sentence reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offenses, and protects the public from further crimes by Qazi. Moreover, by his own admission, Qazi has not been a model prisoner, so his characteristics do not weigh in favor of release. The Court acknowledges the difficulties Qazi faces due to his medical conditions, the conditions of his incarceration, and the nature of the detention facility in which he has housed; nevertheless, although Qazi expresses remorse for his actions, Qazi does not dispute the gravity of his offenses and makes no argument on how his current living conditions outweigh the seriousness of the nature and circumstances of his offenses. The Court declines to make Qazi's arguments for him. In considering all the Section 3553(a) factors, the Court finds the factors overwhelmingly weigh against a sentence reduction.

The cases on which Qazi relies to argue that the Section 3553(a) factors favor his release do not support his arguments. Qazi cites to Justice Anthony Kennedy's concurrence in *Davis v. Ayala*, 576 U.S. 257 (2015) to support that solitary confinement "exacts a terrible price." ECF No. [340] at 5. If Qazi has been in solitary confinement for eleven years, that situation would exact a grievous toll. However, Justice Kennedy went on to state that, "[i]n a case that presented the issue, the judiciary may be required, within its proper jurisdiction and authority, to determine whether workable alternative systems for long-term confinement exist, and, if so, whether a correctional system should be required to adopt them." *Davis v. Ayala*, 576 U.S. 257, 289-90 (Kennedy, J., concurring). To the extent Qazi argues that the only humane alternative to long-term solitary confinement is a reduction in the sentence of a prisoner who has been subjected to such confinement, Kennedy's concurrence does not support Qazi's Motion. To the extent that Qazi otherwise seeks to remedy the conditions of his incarceration, the Motion is not the appropriate vehicle to do so, and the Court declines to pass upon the issues presented by long-term solitary confinement of inmates.

Another case on which Qazi relies, *United States v. Williams*, No. 3:04cr95/MCR, 2020 WL 1751545 (N.D. Fla. Apr. 1, 2020), does not support a reduction in Qazi's sentence either. There, the defendant was found guilty of one count of armed bank robbery, one count of brandishing a firearm during a crime of violence, and one count of possessing a firearm as a convicted felon. *United States v. Williams*, No. 3:04CR95/MCR, 2020 WL 1751545, at *1 (N.D. Fla. Apr. 1, 2020). In finding that the Section 3553(a) factors supported a reduction in the defendant's sentence, the court noted that the defendant had "served much of his sentence while seriously ill and in physical discomfort," meaning that the defendant's "sentence ha[d] been significantly more laborious than that served by most inmates" and that "further incarceration in

his condition would be greater than necessary to serve the purposes of punishment set forth in § 3553(a)(2)." *Id.* at *4 (quoting *United States v. McGraw*, No. 2:02cr018, 2019 WL 2059488, at *5 (S.D. Ind. May 9, 2019)).

In relying on *Williams*, Qazi ignores how the Court's weighing of the Section 3553(a) factors forms part of an individualized determination of the appropriate sentence. *See United States v. Anderson*, No. 22-10761, 2022 WL 16938295, at *2 (11th Cir. Nov. 15, 2022) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007) ("the district judge should . . . consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he . . . . must make an individualized assessment based on the facts presented.") (footnote call number omitted)). Even if Qazi's sentence has been significantly more laborious than that served by most inmates, neither *Williams* nor Qazi's motion contend with how that circumstance weighs against a terrorism offense involving a weapon of mass destruction. *Williams* is thus not helpful to the Court's weighing of the Section 3553(a) factors. Similarly, the defendant in *United States v. Beck*, 425 F. Supp. 3d 573 (M.D.N.C. 2019), was convicted of serious conduct involving the manufacturing and distribution of large amounts of methamphetamine, but that case did not contend with a defendant convicted of materially supporting terrorism and attacking U.S. Marshals. *United States v. Beck*, 425 F. Supp. 3d 573, 584-86 (M.D.N.C. 2019).

Because the relevant § 3553(a) factors weigh against a reduction in sentence, the Motion is due to be denied, and the Court declines further to consider the parties' arguments concerning whether extraordinary and compelling reasons warrant a reduction, whether Qazi is not a danger to the safety of any other person or to the community, or whether the reduction would be consistent with an applicable policy statement issued by the Sentencing Commission.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion for Compassionate

Case No. 12-cr-60298-BLOOM

Release, **ECF No. [334]**, is **DENIED**.

  **DONE AND ORDERED** in Chambers at Miami, Florida, on November 9, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Sheheryar Alam Qazi, *pro se*
01223-104
USP Florence ADMAX
U.S. Penitentiary
P.O. Box 8500
Florence, CO 81226